UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:

8'04 CV 243-T30TGW

ACCESS FOR AMERICA, a Florida
not-for-profit corporation, and
DOUG WILDER, Individually,

        Plaintiffs,

vs.

VENICE VILLAGE SHOPPES LLC,
A Florida Limited Liability
d/b/a CSC COMMERCIAL SHOPPING CENTER

        Defendant(s).

_____/

# COMPLAINT
## INJUNCTIVE RELIEF SOUGHT

    Plaintiffs, ACCESS FOR AMERICA and DOUG WILDER (hereinafter, "Plaintiffs"), by and through the undersigned counsel, hereby sue the Defendant, VENICE VILLAGE SHOPPES LLC, a Florida Limited Liability (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and allege as follows:

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. § 2201 and 2202).

-1-

## PARTIES

2.   Plaintiff, DOUG WILDER, is a resident of the State of Florida and this judicial

district, is sui juris, and is disabled as defined by the ADA and substantially limited in

performing one or more major life activities, including but not limited to walking,

standing, grabbing, grasping and pinching.  Plaintiff uses a wheelchair for mobility

purposes.  Plaintiff's access to the Facility and/or his full and equal enjoyment of the

goods, services, facilities, privileges, advantages and/or accommodations offered

therein was denied and/or limited because of these disabilities, and will be denied

and/or limited in the future unless and until Defendant is compelled to remove the

physical barriers to access and ADA violations which exist at the Facility, including

those set forth in this Complaint.

3.   ACCESS FOR AMERICA is a non-profit Florida corporation.  The members of this

organization include DOUG WILDER and other individuals with disabilities as

defined by the ADA.  This organization's purpose is to represent its members' interest

by assuring that places of public accommodation are accessible to and usable by the

disabled and that its members are not discriminated against because of their

disabilities.  Plaintiff, DOUG WILDER, and other members have suffered and will

continue to suffer direct and indirect injury as a result of Defendant's discrimination

until Defendant is compelled to remove the physical barriers to access and comply

with the requirements of the ADA.  The organization has also been discriminated

against because of its association with its disabled members and their claims.

4.  Plaintiff have suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

5.  Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as VENICE VILLAGE SHOPPES COM SW CO , located at or about 4105 Tamiami Trail South, Venice, Florida 34293-5109 (hereinafter, the "Facility").

6.  On July 26, 1990, Congress enacted the American with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. § 12101, *et seq.*

7.  Congress found, among other things, that:

    (i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services.

    (iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

        (v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

8.      Congress explicitly stated that the purpose of the ADA was to:

        (I)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.

        (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

        (iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1) and (4).

9.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

10.     The Facility is a public accommodation and service establishment.

11.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were

-4-

required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq*., and 28 C.F.R. § 36.508(a).

12.  The Facility must be, but is not, in compliance with the ADA and ADAAG.

13.  Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

14.  Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, including utilizing parking and restroom facilities, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.  Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. §

12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C.
§ 12182(b)(2)(a)(iv), and will continue to discriminate against Plaintiffs and others
with disabilities that exist at the Facility, including those specifically set forth herein,
and make the Facility accessible to and usable by persons with disabilities, including
Plaintiffs.

16.     Defendant has discriminated against Plaintiffs by failing to comply with the above
requirements. A specific, although not exclusive, list of unlawful physical barriers,
dangerous conditions and ADA violations which preclude and/or limit Plaintiffs'
ability (because of their disability) to access the Facility and/or full and equal
enjoyment of the goods, services, facilities, privileges, advantages, and/or
accommodations of the Facility, include:

## Parking

1.   In this parking area there are an insufficient number of spaces designated for disabled use
violating Sections 4.1.2 and 4.6.1 of the ADAAG.

2.   There is no accessible route from the parking areas to the facility, in violation of Sections 4.3.2,
4.6.2 and 4.6.3 of the ADAAG. (See photos 4, 5, 9, 10, 13, 15-17, 20, 25-27, 31, 32 and 65.)

3.   The ramps provided from the parking areas to the facility have slopes, side-slopes and/or cross-
slopes in excess of the limits prescribed in Section 4.8 of the ADAAG. (See photos 6, 19-24, 51-
55 and 57.)

4. The accessible parking spaces are improperly dispersed and marked as per US Code 23, Section 109D (striped in white and prominently outlined in blue), and in violating of Section 4.6.2 of the ADAAG.

## Entrance Access and Path of Travel

1. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG. (See photos 1-5, 9-13, 15-17, 20, 25-28, 31 and 32.)

2. There are curb ramps at the facility that project into vehicular areas and/or contain excessive slopes, sides slopes or cross slopes in violation of Sections 4.7.2, 4.7.5, 4.7.6 and 4.7.9 of the ADAAG.

3. There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.2 of the ADAAG.

4. There is no means of emergency egress provided at the facility violating the requirements of Sections 4.3.11 of the ADAAG.

## Access to Goods and Services

1. Several public telephones throughout the facility do not provide the prescribed volume control device and/or clear floor space for disabled patrons, in violation of Sections 4.31.1 and 4.31.2 of the ADAAG. (See photos 14, 18 and 30.)

2. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG. (See photos 40 and 45.)

COMPLAINT

3. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG. (See photos 46-48.)

4. There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG. (See photos 40 and 45.)

5. There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG. (See photo 29.)

## Restrooms

1. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG. (See photos 37-39.)

2. The sinks in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG. (See photos 37-39.)

3. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG. (See photos 33-36.)

4. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG. (See photos 36 and 42.)

5. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG. (See photo 35.)

6. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG. (See photo 36.)

A more detailed follow-up report should be performed in the presence of the property owner or manager. There may be other violations of the Americans with Disabilities Act that may be

revealed in said inspection.

17.     The above listing is not to be considered all-inclusive of the barriers, conditions or

violations encountered by Plaintiffs and/or which exist at the Facility. Plaintiffs require an

inspection of the Facility in order to determine all of the discriminatory acts violating the

ADA.

18.     Plaintiffs have attempted to gain access to the Facility, but because of their disability have

been denied access to, and have been denied the benefits of services, programs and

activities of the Facility, and have otherwise been discriminated against and damaged by

Defendant, because of the physical barriers, dangerous conditions and ADA violations set

forth above, and expect to be discriminated against in the future by Defendant because of

Plaintiffs' disability, unless and until Defendant is compelled to remove the unlawful

barriers and conditions and comply with the ADA.

19.     The removal of the physical barriers, dangerous conditions and ADA violations set forth

herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(2)(a)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. §

36.304.

20.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm, and

reasonably anticipate that they will continue to suffer irreparable harm unless and until

Defendant is required to remove the physical barriers, dangerous conditions and ADA

violations that exist at the Facility, including those set forth herein.

21. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205, 12117.

22. Plaintiffs have been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. § 12205, 12117 and 42 U.S.C. § 1988.

23. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiffs their reasonable attorneys' fees, expert fees, costs and expenses incurred in this action.

Plaintiffs also request that, Plaintiffs be permitted access to premises, upon proper notice to inspect the following:

-10-

COMPLAINT

1. Any and all Parking area(s) provided for use by the public, customers and invitee's;

2. Any and all Restrooms, which are provided for use by the public, customers, and invitee's.

3. Any and all Entrances and Path(s) of Travel areas provided for public use;

4. All Access(es) to Goods and Services throughout the Facility; and

5. Any and all areas of the Public Accommodation(s), excepting only work areas used exclusively by employees, which include, but are not limited to, all tenant spaces in a Shopping Center, all Offices in an Office Building occupied by a public accommodation, (as defined in 36 C.F.R. Part 36 § 104), all hotel rooms in a hotel, and all common areas of the public accommodation; and

6. All Other areas cited in paragraph 16 of the Complaint as being in violation of the ADA.

Respectfully submitted,

LAW OFFICE OF JAMES V. JOHNSTONE
6201 Plymouth Lane
Fort Lauderdale, Florida 33331
Telephone:     954-802-7941
Facsimile:     954-434-5292
Counsel for Plaintiffs

JAMES V. JOHNSTONE, ESQ.
Florida Bar No.: 104702


Date: 2/1/2004

-11-



1



2



3



4

5

6



7



8



9



10



11



12



13



14



15



16



17



18



19



20



21



22



23



24



25



26



27



28



29



30



31



32



33



34



35



36



37

38

39

40

41

42





43

44





45

46





47

48



49

50

51

52

53

54



55



LIBERTY
SAVINGS
BANK
24 HOUR ATM  STAR

56



57



58



59



60



61



62



63



64



65



66